FILED
March 14, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003345549

KEN BAKER, SBN 55433
NIKKI FARRIS, SBN 244217
BAKER & FARRIS LAW OFFICES
1430 East Avenue, Suite 2-B
Chico, CA 95926
(530) 898-1488

ATTORNEY FOR DEBTORS
MICHAEL KENNITH TROLINDER AND
REBECCA MARIAN TROLINDER

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | ) Case No. 11-20966-D-7 |
| | ) DC No: DBJ-1 |
| MICHAEL KENNITH TROLINDER; AND | ) |
| REBECCA MARIAN TROLINDER, | ) **OPPOSITION TO MOTION** |
| | ) **FOR RELIEF FROM** |
| DEBTORS | ) **AUTOMATIC STAY** |
| | ) |
| | ) |
| | ) Date:  March 30, 2011 |
| | ) Time:  10:00 a.m. |
| | ) Dept:  D |
| | ) JUDGE: The Honorable Judge Bardwil |

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

TO ALL PARTIES IN INTEREST:

Debtors, Michael Kennith Tolinder and Rebecca Marian Trolinder, (hereinafter referred to as "Debtors") file this response in opposition to the motion by Kenneth L. Gray, Trustee of the Jerry Gray Trust dated 09/19/1988, (hereinafter referred to as "Secured Creditor") for relief from the automatic stay.

1. Debtors filed their bankruptcy petition on January 13, 2011. Linda Schuette was appointed Chapter 7 Trustee in the above-referenced action.

---

Michael Kennith Trolinder and Rebecca Marian Trolinder                                                                                              Page 1

2. Secured Creditor has not claimed in their Motion for Relief from the Automatic Stay (hereinafter referred to as "Motion for Relief") that there is insufficient equity with respect to the property located at 1191 East 9th Street, Chico, California 94928 (hereinafter referred to as "Secured Property"). Secured Creditor is adequately protected.

3. Debtors, however, have listed a value of the Secured Property at $200,000.00 on Schedule A with only $144,000.00 owed to Secured Creditor. This leaves Debtors with $50,000.00 in equity in the Secured Property.

4. Secured Creditors have adequate protection and the debt is going to be reaffirmed. It is *not* unfair or inequitable to delay Secured Creditor from waiting until the bankruptcy is complete to see if Debtors can make payments.

5. Attached to this Opposition is Debtor's Declaration showing they have a loan in place to pay off Secured Creditor.

6. Most courts have held that an "equity cushion" may provide adequate protection to the Secured Creditor (*Pistole v. Mellor (In re Mellor)*, 734 F2d 1396, 1400 (9th Cir. 1984)). Here, the equity cushion is over $50,000.00. This is a very large cushion and therefore Secured Creditor has no grounds for asserting that they are inadequately protected.

7. Secured Creditor will not be terribly delayed by waiting for the discharge of Debtors. The 341 Hearing was held on March 8, 2011, and discharge will happen a few months later. It is not unreasonable for Secured Creditor to wait a few more months.

8. Debtors are protected by their bankruptcy and are entitled to the equity in their home. After the filing of this bankruptcy, Debtors are being left with almost nothing. The only thing Debtors have to give them a "fresh start" is the equity in the Secured Property.

9. It is submitted that the Motion for Relief from Stay be denied. There will not, by such an order, impair Secured Creditor's rights to the funds owed.

WHEREFORE, Debtors, Michael Kennith Trolinder and Rebecca Marian Trolinder, respectfully submit this opposition in motion against relief from automatic stay, and request that court deny the motion being brought by Kenneth L. Gray, Trustee of the Jerry Gray Trust dated 09/19/1988.

DATED: March 14, 2011                                LAW OFFICES OF KEN BAKER

                                                    BY:   /s/ Ken Baker
                                                          Ken Baker
                                                          Attorney for Debtors